UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARILYN A. CHUBB,

    *Plaintiff*,

v.

MICHAEL H. LAMBLE,
JUDGE THEODORE O. JOHNSON,
WILLIAM A. PFEIFER,
RONALD BAYOT,

    *Defendants*.
_____/

CASE NO. 10-CV-12731

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because the complaint fails to state a claim upon which relief can be given.[1]

### II. REPORT

#### A. Introduction

On July 9, 2010, Plaintiff Marilyn Chubb filed this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. 28 U.S.C. § 1915(a)(1). The case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 4.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

---

[1] In the event that this Report and Recommendation is adopted, Plaintiff's pending Request for Appointment of Counsel (Doc. 3) will be moot.

### B. Governing Law

#### 1. Screening Procedure

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

> Further, the law in this circuit is clear that the district court, in performing its initial review, should only consider the complaint and that the plaintiff should not be given the opportunity to amend to avoid *sua sponte* dismissal. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

*Baker v. Thomas*, 86 Fed. App'x 906, 909 (6th Cir. 2004). Likewise, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his or her objections to a report and recommendation. *See Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore*, 114 F.3d at 612 (emphasis added).

#### 2. Basic Pleading Requirements for a Civil Rights Action

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R.

2

CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which she complains was committed by a person acting under the color of state law and (2) the conduct deprived her of a federal constitutional or statutory right. In addition, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant and she must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

**C.     Discussion**

Plaintiff's brief complaint and 23 pages of exhibits reveal that, in early December 2009, she was arrested in Alpena, Michigan, following a traffic stop and charged with refusing a preliminary breath test and operating while impaired by liquor. (Compl., Doc. 1.) Plaintiff attached to her complaint the Michigan State Police laboratory report showing that the blood drawn from her that night contained 0.11 grams alcohol per 100 milliliters of blood. (*Id.* at 20.) Plaintiff pleaded guilty before Alpena County District Court Judge Theodore Johnson on June 7, 2010. (*Id.* at 3.) In her

complaint, she sets forth many of the surrounding circumstances of that night. However, as far as we can discern, her only legal allegations are that she feels her rights were violated by the "male officer's" pat down of her person and that the judge refused her request to change her plea. (*Id.* at 1-2.)

### 1. Defendant Judge Johnson

I suggest that, with regard to Defendant Judge Theodore Johnson, the complaint is subject to *sua sponte* dismissal because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). Judges have absolute immunity from civil rights suits for actions performed in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Mireles*, 502 U.S. at 11-12. Plaintiff's claim that Judge Johnson denied her attempt to withdraw her guilty plea is clearly an act taken in his official capacity and well within the jurisdiction of his judicial office, and therefore I suggest that Judge Johnson is immune from suit.

### 2. Defendants Lamble, Pfeifer and Bayot

Plaintiff listed the names Michael H. Lamble, William A. Pfeifer and Ronald Bayot in the caption, but they are not mentioned anywhere else in the complaint. The United States Supreme Court has clearly stated that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution . . ." in order to state a claim. *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). *See also Gilmore v. Corrections Corp. of America*, 92 Fed. Appx. 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the

4

complaint is not enough to sustain recovery under § 1983"); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1234, at 381-85 (3d ed. 2004) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong."). Therefore, I suggest that Plaintiff's complaint fails to state a claim against Defendants Lamble, Pfeifer and Bayot because it does not allege any conduct by any of them, let alone allege that their conduct was connected with civil rights violations.

### D.    Conclusion

Accordingly, I recommend that the complaint be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915e(2)(B).

### III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

s/ Charles E Binder
CHARLES E. BINDER

Dated: August 24, 2010                        United States Magistrate Judge

**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Marilyn Chubb, P.O. Box 2, Lachine, MI, 49753, and served on District Judge Ludington in the traditional manner.

Date: August 24, 2010                 By    s/Jean L. Broucek
                                                       Case Manager to Magistrate Judge Binder